IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROMAN ESTES McCRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 25-1292 ) |
| EQUIFAX INFORMATION SERVS., LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Presently before the Court is *pro se* Plaintiff Roman Estes McCray's Motion to Proceed In Forma Pauperis filed on August 21, 2025, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). For reasons set forth herein, Plaintiff's Motion will be denied without prejudice.

It is within the district court's discretion to determine whether a litigant may be granted leave to proceed in forma pauperis. *See Shahin v. Secretary of Delaware*, 532 F. App'x 123, 123 (3d Cir. 2013) (citing *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (granting of application to proceed IFP is committed to sound discretion of district court)); *Lewis v. Juniper Nursing*, Civ. No. 23-89, 2023 WL 359475, at *1 (W.D. Pa. Jan. 23, 2023) (Hardy, J.) (exercising discretion to grant IFP status in case involving close call because, "despite having a positive monthly cash flow and some additional assets, [the plaintiff was] not an individual of great financial means, particularly considering the cost of everyday living expenses and the possibility that unforeseen expenses could quickly deplete [his] modest savings and other assets"). As the Third Circuit Court of Appeals has emphasized, "[w]hen exercising its discretion to approve or

1

deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.' " *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).  However, the district court also must be cognizant that the purpose of the IFP statute "is to provide an entré, not a barrier, to the indigent seeking relief in federal court." *Id.* (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975)).  Although "[a] litigant need not be 'absolutely destitute' or contribute his or her 'last dollar' in order to qualify for in forma pauperis status," *Johnson v. Rothchild*, 741 F. App'x 52, 54 (3d Cir. 2018) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)), it is important to bear in mind that "the status is a privilege rather than a right." *Shahin*, 532 F. App'x at 123 (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

After reviewing Plaintiff's IFP Motion in light of these legal principles, the Court concludes that his qualification for in forma pauperis status is unclear based on the information he has provided.  According to the IFP Motion, "Plaintiff's financial resources are currently tied up in active business dealings, trades, and other legal matters, leaving no disposable funds readily available to satisfy the filing fee." (Docket No. 1, ¶ 2).  Plaintiff further states that he "does not have sufficient income or liquid assets to cover this expense without undue hardship."  (*Id.*, ¶ 3). Other than these broad assertions, Plaintiff provides no details about his financial resources, financial obligations, debts, or monthly expenses.  Based on Plaintiff's IFP Motion as currently presented, the Court is unable to determine whether to exercise its discretion to grant him leave to proceed in forma pauperis.  Accordingly, the Court will deny Plaintiff's IFP Motion without prejudice to him filing a supplement thereto which provides more detailed information concerning

his financial situation.[1]  If Plaintiff wishes to supplement his IFP Motion, he must do so by September 8, 2025, otherwise this case will be closed.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 25th day of August, 2025, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis, (Docket No. 1), is DENIED WITHOUT PREJUDICE; and,

(2) To the extent Plaintiff wishes to supplement his Motion for Leave to Proceed In Forma Pauperis as discussed herein, he must do so by September 8, 2025.  If Plaintiff does not file a supplement to his Motion by September 8, 2025, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc: Roman Estes McCray (via U.S. mail)
P.O. Box 8616
Pittsburgh, PA 15221

---

[1] For Plaintiff's information, many individuals who seek leave to proceed in forma pauperis complete one of the following two forms: https://www.uscourts.gov/sites/default/files/ao240_0.pdf or https://www.uscourts.gov/sites/default/files/ao239_1.pdf.  If Plaintiff elects to supplement his Motion, he may wish to complete one of these forms or otherwise review the forms so that he is aware of the type of information that is helpful for the Court to have available when determining whether to exercise its discretion to grant an individual leave to proceed in forma pauperis.